UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

    Plaintiff,

v.                                      CASE NO: 8:05-cv-1423-T-23MAP

MOLLY BURTON, et al,

    Defendants.
_____/

## **ORDER**

Thomas Burton and Hartrich Lyons ("the crossclaim defendants") counterclaim against Molly Burton ("Burton") for declaratory relief, interference with prospective economic advantage, "want of execution," undue influence, and deceit (Doc. 19) based on an employer-issued life insurance policy. Burton moves to dismiss the counterclaim and argues that the Employee Retirement Safety Income Act ("ERISA"), 29 U.S.C. § 1001, *et seq*, preempts the crossclaim defendants' common law claims (Doc. 20). The crossclaim defendants oppose the motion and argue that, because they are challenging the validity of a change of beneficiary form, ERISA is inapposite (Doc. 21).

The counterclaim seeks relief available under ERISA. See 29 U.S.C. § 1132 (a). "A party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." Garren v. John Hancock Mut. Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997).

Indeed, "ERISA preemption is not a gateway but a barrier to state law causes of action, the effect of which is to completely displace state-based claims." Amos v. Blue Cross-Blue Shield of Alabama, 868 F.2d 430, 431 (11th Cir.), reh'g denied, 875 F.2d 874 (11th Cir.), cert. denied, 493 U.S. 855 (1989). That the counterclaim involves a dispute over a change of beneficiary form in no way defeats ERISA preemption. See Liberty Life Assurance Company of Boston v. Kennedy, 228 F. Supp 2d 1367 (N.D. Ga. 2002), aff'd, 358 F.3d 1295 (11th Cir. 2004); Aetna Life Insurance Co. v. Bayona, 223 F.3d 1030 (9th Cir. 2000).

Acordingly, Burton's motion to dismiss the counterclaim is **GRANTED** and the crossclaim defendants' counterclaim is **DISMISSED**. The crossclaim defendants may amend the counterclaim to properly state a claim for recovery of benefits under ERISA on or before **December 16, 2005**.

ORDERED in Tampa, Florida, on November 29, 2005.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   US Magistrate Judge
      Courtroom Deputy