UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

    Plaintiff,

v.                                        CASE NO: 8:05-cv-1423-T-23MAP

MOLLY BURTON, et al,

    Defendants.

_____/

## ORDER

A November 29, 2005, order (Doc. 22) dismissed Thomas Burton and Hartrich Lyons's ("the crossclaim defendants") counterclaim against Molly Burton ("Burton") because the Employee Retirement Income Safety Act ("ERISA"), 29 U.S.C. § 1001, *et seq*, completely preempts the crossclaim defendants' common law claims. Burton moves (Doc. 24) to dismiss the amended counterclaim (Doc. 23) and argues that ERISA once again preempts the crossclaim defendants' common law claims (Doc. 24). The crossclaim defendants oppose the motion and argue that the amended counterclaim satisfies Rule 8, Federal Rules of Civil Procedure (Doc. 25).

The amended counterclaim seeks relief available exclusively under ERISA. See 29 U.S.C. § 1132 (a). "A party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." Garren v. John Hancock Mut. Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997). Indeed, "ERISA preemption is not a gateway but a barrier to state

law causes of action, the effect of which is to completely displace state-based claims." Amos v. Blue Cross-Blue Shield of Alabama, 868 F.2d 430, 431 (11th Cir.), reh'g denied, 875 F.2d 874 (11th Cir.), cert. denied, 493 U.S. 855 (1989). That the counterclaim involves a dispute over a change of beneficiary form in no way defeats ERISA preemption. See Liberty Life Assurance Company of Boston v. Kennedy, 228 F. Supp 2d 1367 (N.D. Ga. 2002), aff'd, 358 F.3d 1295 (11th Cir. 2004); Aetna Life Insurance Co. v. Bayona, 223 F.3d 1030 (9th Cir. 2000).

Acordingly, Burton's motion (Doc. 24) to dismiss the amended counterclaim is **GRANTED** and the crossclaim defendants' amended counterclaim (Doc. 23) is **DISMISSED**. The crossclaim defendants may amend the counterclaim to properly state a claim for recovery of benefits under ERISA on or before **January 23, 2006**. The second amended counterlcaim shall contain statements describing (1) the specific statutory basis for subject matter jurisdiction and venue, (2) the relevant acts of the defendants, (3) the specific provisions of ERISA the defendants allegedly violated, (4) the facts establishing the plaintiff's exhaustion of administrative remedies under ERISA, and (5) if applicable, the specific provisions of ERISA that entitle the plaintiff to attorney's fees. If the crossclaim defendants fail to file a properly amended counterclaim by the deadline, this case will be dismissed without further notice.

ORDERED in Tampa, Florida, on January 11, 2006

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   US Magistrate Judge
      Courtroom Deputy